# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | | |
|---|---|---|
| **AZAREIA KANTREYALE HINTON,** | ) | 3:23-cv-271-GNS |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | CIVIL ACTION NO. _____ |
| v. | ) | |
| | ) | |
| **AMERICAN AIRLINES, INC.** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **U.S. AIRWAYS, INC.** | ) | |
| | ) | |
| DEFENDANTS. | ) | |

## NOTICE OF REMOVAL

Defendant, American Airlines, Inc. (hereinafter "Removing Defendant"), by and through its attorneys, Morgan & Akins, PLLC, via this Notice of Removal (hereinafter "Notice"), hereby removes the above-captioned action from the Jefferson County Circuit Court, case number 23-CI-02678, to the United States District Court for the Western District of Kentucky, Louisville Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and in support thereof states as follows:

1.     Plaintiff, Azareia Kantreyale Hinton (hereinafter "Plaintiff") commenced the above-referenced action by the filing of an informal Complaint (hereinafter "Complaint"), which included a Civil Case Cover Sheet and Demand Letter,[1] in the Jefferson County Circuit Court, on or about May 2, 2023. (A true and correct copy of Plaintiff's Jefferson Circuit Court filings is attached hereto as **EXHIBIT A**.)

---

[1] Removing Defendant notes that, while the Demand Letter was filed along with the Civil Case Cover Sheet, and while Removing Defendant refers to all filed documents as a "Complaint" hereinafter for purposes of brevity in the instant Notice of Removal, Removing Defendant does not waive any argument that the "Complaint" does not contain the required elements of a pleading. Removing Defendant maintains that these deficiencies render the Complaint procedurally improper, upon which Removing Defendant anticipates partially basing a forthcoming FRCP 12(b)(6) Motion to Dismiss.

2. Plaintiff's Complaint alleges that, on March 17, 2023, she was involved in an incident while boarding "flight 1444" at the Louisville Muhammad Ali International Airport. *See* **EXHIBIT A**.

3. In her Complaint, Plaintiff alleges that she sustained "medical bills, lost wages, loss of earning potential, emotional distress, mental anguish" and demands that Removing Defendant both "terminate [one of its] employee[s] immediately," as well as provide "full reimbursement of the cost of the plane ticket, compensation for compensatory and punitive damages," in the amount of $428,000.00. *Id.*

4. In the Complaint, Plaintiff named two (2) Defendants: Removing Defendant and U.S. Airways, Inc. *Id.*

5. Removing Defendant received a copy of the Complaint from the Jefferson County Circuit Court via the Kentucky Secretary of State on or about May 9, 2023. *Id.*

6. As set forth in further detail below, Plaintiff (Kentucky) and Removing Defendant (Delaware and Texas) are citizens of different states.

7. As also set forth in further detail below, to Removing Defendant's best knowledge and belief, U.S. Airways has not been served and, more importantly, ceased to exist many years prior to the subject incident.

8. This case is proper for removal, as there is complete diversity amongst the proper legal parties, and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332(a).

## NOTICE TIMELY FILED

9. This Notice is timely because it is filed within thirty (30) days of Removing Defendant's receipt of a "pleading, motion, order or other paper from which it may first be ascertained" that the action is removable. 28 U.S.C. §1446(b).

10. As set forth above, pursuant to 28 U.S.C. §1446(b), Removing Defendant's deadline for removal, based upon Removing Defendant's receipt of the Complaint via the Kentucky Secretary of State, is June 8, 2023, and this Notice of Removal is timely.

11. Furthermore, this Notice is timely because it is filed within one (1) year of the inception of this matter. 28 U.S.C. §1446(c)(1).

12. To Removing Defendant's best knowledge and belief, U.S. Airways was never properly served.

13. Furthermore, following a merger several years prior to the subject incident, U.S. Airways ceased to exist as a separate entity.

14. A civil action being removed under 28 U.S.C. §1441 requires "all defendants *properly joined and served* must join in or consent to the removal of the action." 28 U.S.C. §1446(b)(2)(A). (emphasis added)

15. However, the only named Defendant besides Removing Defendant, U.S. Airways, no longer exists as a separate entity, and there is no indication that U.S. Airways has been properly served.

16. As such, U.S. Airways is not a defendant who is "properly joined and served." 28 U.S.C. §1446(b)(2)(A).

17. Therefore, the consent of any other party is not required to be obtained by Removing Defendant.

## DIVERSITY OF CITIZENSHIP & AMOUNT IN CONTROVERSY

18. At all times relevant herein, including the time of this Notice being filed, Plaintiff represented that her address is in Louisville, Kentucky, as evidenced by her Demand Letter. *See* **EXHBIT A**.

19. At all times relevant herein, including the time of this Notice being filed, Removing Defendant was and is incorporated in the State of Delaware with its principal place of business in the State of Texas. (A true and correct copy of Removing Defendant's business details is attached hereto as **EXHIBIT B**.)

20. At all times relevant herein including the time of this Notice being filed, complete diversity of citizenship exists between all "parties properly joined and served," consisting of Plaintiff (Kentucky) and American (Delaware and Texas). See **EXHIBITS A and B**; 28 U.S.C. §1446(b)(2)(A)

21. The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. §1332(a).

22. Given the foregoing, complete diversity and the amount in controversy amongst the parties is proper under 28 U.S.C. §1332(a), and the instant matter is removable.

## CONCLUSION

23. As Plaintiff and Removing Defendant are citizens of different states, and the amount in controversy is in excess of $75,000.00, this Court may exercise jurisdiction over this matter pursuant to 28 U.S.C. §§1332 and 1441.

24. This action may be removed to this Court by the Removing Defendant pursuant to 28 U.S.C. §1441(a), in that this case was initially brought in a state court within the geographical area of the Louisville Division of the Western District of Kentucky, specifically in Jefferson County, Louisville, Kentucky.

25. Resultantly, this Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1).

26. Removing Defendant has given written notice of the filing of this Notice pursuant to 28 U.S.C. §1446(d), by filing this Notice with the Jefferson County Circuit Court and by giving written notice to Plaintiff.

27. All pleadings, process, orders, and other filings in the Jefferson County Circuit Court action are attached to this Notice as required by 28 U.S.C. §1441(a).[2]

**WHEREFORE,** Defendant, American Airlines, Inc., by and through its attorneys, Morgan & Akins, PLLC, via this Notice of Removal, hereby removes the above-captioned action, from the Jefferson County Circuit Court, Case Number 23-CI-002678, to the United States District Court for the Western District of Kentucky, Louisville Division pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

Respectfully submitted,

**MORGAN & AKINS, PLLC**

*/s/ Trey Shoemaker*
**TREY SHOEMAKER, Bar No. 98599**
201 East Main Street, Suite 730
Lexington, KY 40507
P: (859) 554-6769
F: (859) 554-6960
tshoemaker@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*

---

[2] Note: The emails and phone numbers of American Airlines, Inc. employees have been redacted from the filings made in the Jefferson County Circuit Court.

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# AT LOUISVILLE

| | |
|---|---|
| AZAREIA KANTREYALE HINTON, | ) |
| | ) |
| PLAINTIFF, | ) |
| | ) CIVIL ACTION NO. _____ |
| v. | ) |
| | ) |
| AMERICAN AIRLINES, INC. | ) |
| | ) |
| and | ) |
| | ) |
| U.S. AIRWAYS, INC. | ) |
| | ) |
| DEFENDANTS. | ) |

## CERTIFICATE OF SERVICE

A copy of the within and foregoing document has been served on this the 30th day of May 2023, upon the following via USPS Certified Mail, electronic mail, and/or if registered with the CM/ECF filings for the United States District Court for the Western District of Kentucky, via electronic filing.

Azareia Kantreyale Hinton
3317 Oleanda Avenue
Louisville, KY 402151
*Pro se litigant*

**MORGAN & AKINS, PLLC**

*/s/ Trey Shoemaker*
**TREY SHOEMAKER, Bar No. 98599**
201 East Main Street, Suite 730
Lexington, KY 40507
P: (859) 554-6769
F: (859) 554-6960
tshoemaker@morganakins.com
*Counsel for Defendant, American Airlines, Inc.*